IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FAMILY PROTECTION IRREVOCABLE TRUST; LOLA FAYE DENTON, SETTLOR, <br><br> Plaintiffs, <br><br> -vs- <br><br> CAROLYN SUE BALES, TINA JOLENE BALES, AND JIM L. BALES ESTATE, <br><br> Defendants. | Case No. CIV-22-1039-F |

## ORDER

The court has reviewed the complaint (doc. no. 1) filed by *pro se* plaintiffs Family Protection Irrevocable Trust and Lola Faye Denton. Upon review, the court concludes that the complaint's allegations are insufficient to establish federal-court subject-matter jurisdiction, and an amended complaint will be required.

Federal district courts have limited subject-matter jurisdiction. Radil v. Sanborn Western Camps, Inc., 384 F.3d 1220, 1224 (10th Cir. 2004).[1] And they have an obligation to determine whether subject-matter jurisdiction over a case exists, even in the absence of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

In Arbaugh, the United States Supreme Court addressing federal-court subject-matter jurisdiction stated:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

---

[1] Subject-matter jurisdiction involves a court's authority to hear a given type of case. Radil, 384 F.3d at 1224.

> Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently §75,000.

*Id*. at 513 (internal citation and footnote omitted).

The complaint invokes both § 1331 jurisdiction and § 1332 jurisdiction as a basis of federal-court subject-matter jurisdiction. The court, however, finds that plaintiffs have not properly invoked § 1331 jurisdiction. The complaint fails to allege a colorable claim "arising under" the Constitution or laws of the United States. Instead, the complaint cites and quotes from an Oklahoma statute, 24 O.S. § 12, as the basis for § 1331 jurisdiction. *See*, doc. no. 1, ECF p. 3. This is not sufficient to establish federal-question jurisdiction under § 1331.

As to § 1332 jurisdiction, the complaint adequately alleges a claim that exceeds the required jurisdiction amount of $75,000. However, the complaint's allegations are not sufficient to demonstrate that the parties are of diverse citizenship.

The determination of plaintiff Family Protection Irrevocable Trust's citizenship rests on whether the trust is a traditional trust or a business trust.[2] The citizenship of a traditional trust is determined by the citizenship of the trustees of the trust. *See*, Gwilt v. Harvard Square Retirement & Assisted Living, 537 F. Supp. 3d 1231, 1246 (D. Colo. 2021) (citing cases). If the trust is a transitional trust, the

---

[2] A traditional trust exists as a fiduciary relationship and not as a distinct legal entity. It facilitates a donative transfer. GBForefront, L.P. v. Forefront Management Group, LLC, 888 F.3d 29, 40 (3d Cir. 2018). A business trust is a distinct legal entity and implements a bargained-for exchange. *Id*.

complaint must identify the trustees and the state of citizenship of all the trustees. *Id*. at 1246-47. If the trust is a business trust, the citizenship of the trust is determined by all the trust's members. *See*, Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 382-383 (2016). And if the trust is a business trust, the complaint must identify all the trust's members and the state of citizenship of all the trust's members.

Plaintiffs' complaint does not allege facts demonstrating that the trust is either a traditional trust or a business trust. And it lacks information as to the state of citizenship of the trustees or the members of the trust, depending on whether the trust is a traditional trust or a business trust.

In the body of the complaint, plaintiffs also name Jim L. Bales Estate as a defendant. *See*, doc. no. 1, ECF p. 2. The court notes that a decedent's estate is a non-entity. *See*, Stone v. Estate of Signman, 970 P.2d 1185, 1188 (Okla. Civ. App. 1998). However, if plaintiffs are seeking to sue the legal representative of the estate, the legal representative must be identified and the citizenship of the legal representative will be determined by the state of citizenship of the decedent, not the legal representative. *See*, 28 U.S.C. § 1332(c)(2). Thus, the state of citizenship of the decedent must be alleged.

For the court to determine whether it may exercise § 1332 jurisdiction over this case, plaintiffs will be required to file an amended complaint to provide the necessary allegations regarding plaintiff Family Protection Irrevocable Trust (whether a traditional or business trust) and the citizenship of the trustees or the members of the trust (depending on whether the trust is a traditional trust or business trust). And if plaintiffs are seeking to sue the legal representative of Jim L. Bales Estate, the amended complaint must identify the legal representative and the state of citizenship of the decedent Jim L. Bales.

In addition, the court notes if plaintiff Family Protection Irrevocable Trust is a traditional trust, it is not a distinct legal entity that may bring a civil action in

federal court. *See*, Americold Realty Trust, 577 U.S. at 383. Legal proceedings involving a traditional trust must be brought by the trustee in his or her own name. *See*, Doermer v. Oxford Financial Group, Ltd., 884 F.3d 643, 647 (7th Cir. 2018); Raymond Loubier Irrevocable Trust v. Loubier, 858 F.3d 719, 730-731 (2d Cir. 2017) (traditional trust is not a legal entity; legal proceedings must be brought by or against the trustee in his or her own name). And the trustee must be represented by licensed counsel. *See*, Halibut Trust v. Floerchinger, 2020 WL 2476743, at *3 (D. Alaska May 13, 2020) (citing C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987)).

If plaintiff Family Protection Irrevocable Trust is a business trust, it is a legal entity that may bring a civil action in federal court, but, if it does, it must be represented by licensed counsel. *See*, Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (artificial entities may appear in court only through licensed counsel); *see also*, J.J. Rissell, Allentown, PA Trust v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020) (non-lawyer trustee has no authority to represent a trust in court); LCvR17.1 ("Parties who are not natural persons may not appear pro se.).

The court recognizes plaintiff Lola Faye Denton, who appears to be a non-attorney, may bring an action against defendants on her own behalf. 28 U.S.C. § 1654 (stating that "[i]n all courts of the United States the parties may plead and conduct their own cases . . . ."). But it does not appear from the complaint's allegations that she is bringing any claim on behalf of herself and her own legal interests. This action appears to be on behalf of the trust. There is no indication from the complaint's allegations that Ms. Denton is the beneficial owner of the claims being asserted on behalf of the trust. Thus, in the court's view, Ms. Denton cannot be viewed as a party conducting her case personally within the meaning of § 1654.

Accordingly, for the court to determine whether it may exercise § 1332 jurisdiction over this case, plaintiffs are **ORDERED** to file an amended complaint **within 14 days of the date of this order** to provide the necessary allegations regarding plaintiff Family Protection Irrevocable Trust (whether a traditional or business trust) and the state of citizenship of the trustees or the members of the trust (depending on whether the trust is a traditional trust or business trust).  And if plaintiffs are seeking to sue the legal representative of Jim L. Bales Estate, the amended complaint must identify the legal representative and the state of citizenship of the decedent Jim L. Bales.

Failure to file an amended complaint within the time prescribed by the court will result in the dismissal of this action without prejudice for lack of jurisdiction.

DATED this 16th day of December, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-1039p001.docx